IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARJORIE R. NEZ, individually and as
Personal Representative of the
Estate of MARY TSOSY, Deceased,

    Plaintiff,

vs.                                                                      No.

THE UNITED STATES OF AMERICA,

    Defendant.

### COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH
### [ARISING UNDER THE FTCA]

COMES NOW, the Plaintiff Marjorie R. Nez, by and through her attorneys, the LAW OFFICES OF FELICIA C. WEINGARTNER, P.C., and the LAW OFFICES OF CID D. LOPEZ L.L.C., and for her Complaint for Medical Negligence and Wrongful Death against Defendant states that:

    **I.**    **PARTIES AND JURISDICTION**

1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA") for medical negligence at Crownpoint Healthcare Facility operated as an Indian Health Services medical facility located in Crownpoint, New Mexico, by the United States of America through the Department of Health and Human Services.

2. Mary Tsosy was an enrolled member of the Navajo tribe, a federally recognized tribe of Indians, and was a resident and citizen of the State of New Mexico.

1

3.  Marjorie R. Nez is the daughter of Mary Tsosy and is a resident and citizen of the State of New Mexico and on August 6, 2015 was appointed Personal Representative of the Estate of Mary Tsosy by the McKinley County Probate Court for the State of New Mexico.

4.  Defendant, United States of America, through its agents, employees, and through the Department of Health & Human Services, Public Health Service, and Indian Health Service, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled Crownpoint Healthcare Facility, where all claims of negligence arose.

5.  The claims for which Plaintiff sues herein arose from the acts and omissions of Defendant as alleged herein all occurring within the State of New Mexico.

6.  If the Defendant was a private person, it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico.

7.  On September 3, 2015, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of Health and Human Services, Public Health Service/Indian Health Service, pursuant to 28 U.S.C. §2675(a).  Said agencies have failed to make a final disposition of Plaintiff's claims within six months of presentation to Defendant.  Plaintiff deems such failure to be a denial of their claims as provided by the FTCA.

8.  This Court has jurisdiction over parties and subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding costs, attorney fees, or punitive damages exceeds $75,000.00.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs as though fully recited at length herein.

10. At all times material, Mary Tsosy lived with her daughter, Plaintiff Marjorie R. Nez in Plaintiff's home and the two shared a close emotional relationship as mother and daughter.

11. On October 29, 2013, Mary Tsosy presented to Crownpoint Healthcare Facility with complaints of shallow breathing.

12. Ms. Tsosy had a known history of atrial fibrillation which was being managed medically with Coumadin.

13. During Ms. Tsosy's admission to Crownpoint Healthcare Facility, Erin Nealon, D.O., employee, agent, and/or apparent agent of Defendant, ordered Ms. Tsosy to discontinue her Coumadin and discharged her home.

14. On November 5, 2013, Ms. Tsosy presented to Rehoboth McKinley Christian Hospital in Gallup, New Mexico with complaints of difficulty breathing and chest pains.

15. On November 8, 2013, Ms. Tsosy died from a cerebral vascular accident due to her being discontinued from Coumadin.

16. Due to Ms. Tsosy's age, medical history, and underlying health issues, it was below the standard of care for her Coumadin to be discontinued by Dr. Nealon.

17. As a direct, foreseeable, and proximate result of this negligence, Ms. Tsosy experienced conscious pain, suffering, and emotional distress before her death.

## COUNT I – MEDICAL NEGLIGENCE OF
## DEFENDANT UNITED STATES OF AMERICA

18. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs as though fully recited at length herein.

19. At all times material hereto, the relationship of medical provider-patient existed between Mary Tsosy and the physicians at Crownpoint Healthcare Facility, including Dr. Nealon, and other treating physicians and medical personnel.

20. Pursuant to the provision of the Federal Tort Claims Act, Defendant United States of America is liable for the negligent acts, omission, and errors of its employees or agents acting within the scope of their duties, as well as liable for any and all independent contractors who may be employed and under the control and direction of Defendant at its medical facilities.

21. At all times pertinent hereto, and as to all acts alleged herein, the physicians and other medical providers and personnel were employees or agents of Defendant, acting within the scope of their duties, and otherwise acting with the full knowledge and consent of Defendant.

22. Defendant is therefore vicariously liable for the negligent acts of the physicians at Crownpoint Healthcare Facility and other medical personnel as alleged herein.

23. Defendant owed the decedent the duty to provide medical care of a nature and quality that was appropriate for a patient such as Mary Tsosy.

24. In treating and caring for Mary Tsosy, Defendant, through its agents, failed to possess and apply the knowledge, skill and care ordinarily used by a reasonably well-qualified

physician practicing under similar circumstances and this failure resulted in the death of Mary Tsosy.

25. As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Plaintiff suffered all damages alleged elsewhere in this Complaint.

## DAMAGES

26. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs as though fully recited at length herein.

27. As a proximate result of Defendant's medical negligence, Plaintiff Marjorie R. Nez, individually and as Personal Representative of the Estate of Mary Tsosy seeks on behalf of the surviving beneficiaries of the Estate those damages allowable under the Wrongful Death Act of New Mexico, including but not limited to funeral and burial expenses, conscious pain and suffering, emotional distress, loss of recreational activity, loss of household services, loss of the value of life and/or loss of enjoyment of life.

28. Plaintiff Mary Tsosy, individually, also seeks damages for loss of consortium.

WHEREFORE, Plaintiff prays for an award of damages sufficient to fully compensate her and the Estate for all the injuries and damages available under the law, for pre and post judgment interest, for taxable costs, and for such other further relief as the Court may deem proper.

Respectfully submitted by:

By  */s/ Felicia C. Weingartner*
Felicia Weingartner
Law Offices of Felicia Weingartner, P.C.
500 Tijeras, Ave., NW
Albuquerque, NM 87102
(505) 842-8057

and

Cid D. Lopez
Law Office of Cid D. Lopez, LLC
500 Tijeras NW
Albuquerque, NM  87102
(505) 242-5297

ATTORNEYS FOR PLAINTIFF